CENTRAL NATIONAL BANK OF CLEVELAND, a Corporation, as Executor of the Estate of Edward E. Hoffman, deceased, Plaintiff-Appellant, v. SOCIETY FOR SAVINGS IN THE CITY OF CLEVELAND, a Corporation, and CARPENTER, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24736. Decided April 23, 1959.

Fleck & Fleck, for plaintiff-appellant.
Ralph Vince, for defendant-appellee, Laura Carpenter.
Harry B. Olds, Jr., E. C. Phillips, for defendant-appellee, Society for Savings in the City of Cleveland.

**OPINION**

Per CURIAM:

This appeal comes to this court on questions of law from a judgment of the Probate Court of this county rendered in favor of defendant-appellee, Laura Carpenter, on her cross-petition. Plaintiff-appellant filed a petition for declaratory judgment as executor of the estate of Edward F. Hoffman, deceased, against the defendants herein, praying for an order of the court directing that the funds on deposit in the Society for Savings in the City of Cleveland in the name of the decedent

be an item of personalty which should rightfully be part of the assets of decedent's estate. Defendant, Laura Carpenter, filed an answer and cross-petition wherein she averred that Edward F. Hoffman personally delivered to her the savings passbook in question and that the delivery was made for the sole intent and purpose of making an immediate gift to her of the funds in said account represented by passbook account No. 348593, with the defendant, Society for Savings in the City of Cleveland, and that by reason thereof said Laura Carpenter became the owner of said bank account and immediately entitled to the possession thereof.

Upon trial, the Probate Judge found "by clear and convincing proof" that defendant cross-petitioner, Laura Carpenter, was the donee of a valid gift inter vivos from the decedent, accompanied by the delivery of the savings passbook in question, with words and actions clearly showing the intent of the donor.

Upon a careful examination of the bill of exceptions, it is our judgment that there is abundant evidence supporting the finding of the trial court by the requisite degree of proof.

Plaintiff-appellant argues that because the defendant, Laura Carpenter, did not have an order in writing in accordance with the rules of the defendant bank that the gift in praesenti was thereby defective. With this contention we do not agree. The rules and regulations in question are such as are adopted by the bank for its own protection and cannot invalidate the gift so long as the essential elements of the gift are evidenced as between the donor and donee.

We think that the rule in the case of **Polley v. Hicks, 58 Oh St 218,** 50 N. E. 809, is applicable to the facts of the case. Syllabus one reads as follows:

"1. A delivery to a donee, of a deposit book issued by a savings bank containing entries of deposits to the credit of the donor, with the intention to give the donee the deposits represented by the book, and accompanied with appropriate words of gift, is a sufficient delivery to constitute a valid gift of such deposits, **without assignment or transfer in writing.**" (Emphasis ours.)

To the same effect, see also **Bolles v. Trust Co., 132 Oh St 21,** 4 N. E. 2d 917.

These cases are in accord with the great weight of authority as set forth in Brown on Personal Property, Second Edition, page 191, as follows:

"The overwhelming weight of authority accordingly is that a manual delivery with the requisite donative intent, of certificates of stock, **savings account passbooks,** and life insurance policies constitute good gifts of the shares, of the savings account, and of the insurance contract." (Emphasis ours.)

For the foregoing reasons, the judgment of the Probate Court is affirmed.

HURD, PJ, KOVACHY and SKEEL, JJ, concur.